```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**COREY A. PERRIN,**

    **Petitioner,**

**v.**          //      **CIVIL ACTION NO. 1:08CV40**
                                            (Judge Keeley)

**WAYNE A. PHILLIPS,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 16, 2008, pro se petitioner Corey A. Perrin ("Perrin"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to transfer him to a Community Corrections Center for the last six months of his term of imprisonment. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On February 27, 2008, the respondent, Wayne A. Phillips ("Phillips"), filed a motion to dismiss.

On June 27, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Phillips' motion to dismiss be granted, and Perrin's motion under § 2241 be denied and the case be dismissed with prejudice. The R&R also specifically warned that failure to object to the recommendation

within ten days of receipt of service would result in the waiver of any appellate rights on this issue. No objections were filed.[1]

Therefore, the Court **ADOPTS** the R&R in its entirety (dkt. no. 11), **GRANTS** Phillips' motion to dismiss (dkt. no. 7), **DENIES** the Application for Habeas Corpus under § 2241 (dkt. no. 1) and **ORDERS** Perrin's case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

Dated: July 22, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).